DOCUMENT 2

FILED

2016 Nov-30 PM 03:54
U.S. DISTRICT COURT
M.D. OF ALABAMA



ELECTRONICALLY FILED
7/25/2016 10:00 AM
03-CV-2016-900986.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| VENTURE HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV-2016-_____ |
| | ) | |
| | ) | |
| THE STATE OF ALABAMA | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| COMMISSIONER JEFFERSON S. DUNN; | ) | |
| CARTER DAVENPORT; | ) | |
| KAREN CARTER; | ) | |
| DONALD LUKIMA; | ) | |
| CHRISTOPHER SMITH; | ) | |
| FICTITIOUS DEFENDANT A, | ) | |
| the DOC Institutional | ) | |
| Coordinator Responsible For | ) | |
| the Operation of St. Clair | ) | |
| Correctional Facility; | ) | |
| FICTITIOUS DEFENDANT B, | ) | |
| the DOC Division Director responsible | ) | |
| for the operation of St. Clair | ) | |
| Correctional Facility; | ) | |
| FICTITIOUS DEFENDANT C, | ) | |
| the person or persons who participated in | ) | |
| the beating of Venture Harrison; | ) | |
| FICTITIOUS DEFENDANT D, | ) | |
| the person or persons who failed to stop the | ) | |
| beating of Venture Harrison; | ) | |
| FICTITIOUS DEFENDANT E, | ) | |
| the person or persons who supervised | ) | |
| Defendant Lukima, Defendant Smith and | ) | |
| Fictitious Defendants C and knew of | ) | |
| their violent propensities and | ) | |
| past violations of prisoners' rights ; | ) | |
| FICTITIOUS DEFENDANT F, the | ) | |
| Captain at St. Clair Correctional | ) | |
| Facility who supervised Defendant Lukima, | ) | |
| Defendant Smith and Fictitious Defendants | ) | |
| C; | ) | |
| FICTITIOUS DEFENDANT G, the person | ) | |
| responsible for hiring Defendant Lukima, | ) | |

EXHIBIT

A

| | |
|---|---|
| Defendant Smith and Fictitious Defendants | ) |
| C; | ) |
| FICTITIOUS DEFENDANT H, the person | ) |
| involved in the promotions of Defendant | ) |
| Lukima, Defendant Smith and Fictitious | ) |
| Defendants C; | ) |
| FICTITIOUS DEFENDANT I, the person | ) |
| responsible for training and/or retraining | ) |
| Defendant Lukima, Defendant Smith and | ) |
| Fictitious Defendants C; | ) |
| FICTITIOUS DEFENDANT J, the person | ) |
| or persons whose negligence or other | ) |
| wrongful conduct caused the injuries to | ) |
| Venture Harrison, all whose true and | ) |
| correct names are unknown to the Plaintiff | ) |
| at this time but will be added by | ) |
| amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PARTIES

1.     Plaintiff Venture Harrison is over the age of nineteen years and is a resident citizen of the State of Alabama.

2.     The State of Alabama Department of Corrections, hereafter the "DOC", is an administrative department of the State, established by law, and is responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout this state, including the St. Clair Correctional Facility, where mismanagement, poor leadership, overcrowding and unsafe conditions caused damages to the Plaintiff. Defendant DOC is based in Montgomery County, Alabama.

3.     Defendant Jefferson S. Dunn is over the age of nineteen years and is a resident citizen of the State of Alabama. He is currently serving as the DOC Commissioner and is being

2

sued in his individual and official capacity. Defendant Dunn is responsible for the direction, supervision and control of the DOC. He is the highest ranking officer of the Alabama Department of Corrections.

4.      Defendant Carter Davenport is over the age of nineteen years and is a resident citizen of Alabama. At all material times, Defendant Davenport was the Warden at St. Clair Correctional Facility. As Warden, Defendant Davenport was responsible for the day-to-day operations of the prison, as well as the safety of all inmates at the facility and the supervision of all subordinate employees. He is being sued in his individual capacity.

5.      Defendant Karen Carter is over the age of nineteen years and is a resident citizen of Alabama. At all material times, Defendant Carter was the Assistant Warden at St. Clair Correctional Facility. She is being sued in her individual capacity.

6.      Defendant Donald Lukima is over the age of nineteen years and is believed to be a citizen of the State of Alabama. At all material times, Defendant Lukima was employed at the St. Clair Correctional Facility as a Corrections Officer. He is being sued in his individual capacity.

7.      Defendant Christopher Smith is over the age of nineteen years and is believed to be a citizen of the State of Alabama. At all material times, Defendant Smith was employed at the St. Clair Correctional Facility as a Corrections Officer. He is being sued in his individual capacity.

8.      Fictitious Defendant A is the DOC Institutional Coordinator Responsible for the operation of St. Clair Correctional Facility.

9.      Fictitious Defendant B is the DOC Division Director responsible for the operation of St. Clair Correctional Facility

3

10. Fictitious Defendant C is the person or persons who participated in the beating of Venture Harrison.

11. Fictitious Defendant D is the person or persons who failed to stop the beating of Venture Harrison.

12. Fictitious Defendant E is the person or persons who supervised Defendant Lukima, Defendant Smith and Fictitious Defendants C and knew of their violent propensities and past violations of prisoners' rights.

13. Fictitious Defendant F is the Captain at St. Clair Correctional Facility who supervised Defendant Lukima, Defendant Smith and Fictitious Defendants C.

14. Fictitious Defendant G is the person responsible for hiring Defendant Lukima, Defendant Smith and Fictitious Defendants C.

15. Fictitious Defendant H is the person involved in the promotions of Defendant Lukima, Defendant Smith and Fictitious Defendants C.

16. Fictitious Defendant I is the person responsible for training and/or retraining Defendant Lukima, Defendant Smith and Fictitious Defendants C.

17. Fictitious Defendant J is the person or persons whose negligence or other wrongful conduct caused the severe injuries to Venture Harrison.

19. At this time, the true and correct names of the Fictitious Defendants are unknown to the Plaintiff, but will be added by amendment when ascertained.

20. Defendants are responsible for the care, custody and control of the prisoners in their custody, and through their acts and omissions, Defendants have allowed a dangerous and violent environment to flourish at the prison, including the severe beating of the Plaintiff.

4

## STATEMENT OF FACTS

21.     Venture Harrison was sentenced by a Circuit Court to the custody of the Commissioner of the Department of Corrections.

22.     Harrison was then incarcerated at St. Clair Correctional Facility.

23.     As set out in this lawsuit, during the relevant times, Defendant Lukima, Defendant Smith and Fictitious Defendants C and D were DOC Correctional Officers working at St. Clair Correctional Facility.

24.     Upon information and belief, Defendant Lukima, Defendant Smith and Fictitious Defendants C had a history of assaulting and abusing inmates and otherwise violating their rights under the Constitutions and laws of the United States and the State of Alabama and in violation of DOC Regulations.

25.     Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendant E, F, G, H, I and J knew or should have known that Defendant Lukima, Defendant Smith and Fictitious Defendants C had a history of assaulting and abusing inmates, of violating DOC Regulations and that they were a danger to inmates.

26.     On or about July 25, 2014, Defendant Lukima, Defendant Smith and Fictitious Defendant C brutally attacked and beat Harrison. They ordered the Plaintiff out of his cell in the middle of the night, handcuffed him, and then hit him in the back of the head with handcuffs wrapped around their knuckles, causing injuries requiring staples. Defendant Carter witnessed the attack and failed to intervene. Defendants Lukima, Smith and Fictitious Defendant C used excessive and unnecessary force, including beating Harrison while he was handcuffed.

27.     Harrison was severely injured as a result of this vicious and brutal attack and

5

had to have approximately 17 staples to the back of his head and has suffered a permanent eye injury. He also received bruised ribs as a result of the beating.

28.    Prior to Plaintiff's beating as set out in this complaint, the Defendants threatened the Plaintiff with his life. After the attack, certain Defendants stated such things as "I should have killed you," "I still have a chance to finish you off," "Nobody gives a f*** about you in this world," "I can get you killed," and "The first chance I get I will kill you." After the attack, the Defendants withheld medical care and food from the Plaintiff.

## COUNT I

### (NEGLIGENT, WANTON, WILLFUL AND/OR WRONGFUL CONDUCT)

29.    Defendants Lukima, Smith and Fictitious Defendants C, negligently, wantonly, willfully beat, kicked and otherwise wrongfully attacked Venture Harrison.

30.    The beatings by Defendants Lukima, Smith and Fictitious Defendants C were so brutal that they caused the severe and permanent injuries to Venture Harrison.

WHEREFORE, Plaintiff demands judgment against Defendants Lukima, Smith and Fictitious Defendants C in a just amount plus costs.

## COUNT II

### (NEGLIGENT/WANTON RETENTION)

31.    Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants A, B, E, F, G, H, I and J had a duty to act reasonably in retaining Correctional Officers, including Defendants Lukima, Smith and Fictitious Defendants C.

32.    Defendants DOC, Dunn, Davenport, Carter, and/or Fictitious Defendants A, B, D, E and F had a duty protect inmates from cruel and unusual punishment by Correctional Officers, including Defendants Lukima, Smith and Fictitious Defendants C.

33.     Upon information and belief, during their employment with DOC, Defendants Lukima, Smith and Fictitious Defendants C, on numerous occasions, unlawfully assaulted inmates in violation of the Constitutions and laws of the United States and the State of Alabama and in violation of DOC Regulations.

34.     Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants E, F, G, H and I knew or should have known that Defendants Lukima, Smith and Fictitious Defendant C were not fit to serve as a Corrections Officers, would unlawfully assault inmates, and were otherwise dangerous people to be guarding inmates .

35.     It was reasonably foreseeable that Defendants Lukima, Smith and Fictitious Defendants C would unlawfully assault other inmates, including Venture Harrison.

36.     Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants G, H and I negligently or wantonly retained Defendants Lukima, Smith and Fictitious Defendants C as Corrections Officers.

37.     The negligent or wanton conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants G, H and I was a contributing cause of Venture Harrison's injuries.

38.     The decision to allow Defendants Lukima, Smith and Fictitious Defendant C to continue to work as Correctional Officers and oversee inmates was not an exercise of judgment in the administration of DOC, but rather was in violation of the rights and safety of inmates, including Venture Harrison.

39.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants G, H and I was in violation of the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State.

40.    The conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious
Defendants G, H and I was willful, malicious, fraudulent, in bad faith, beyond their authority,
or under a mistaken interpretation of the law.

WHEREFORE, Plaintiff demands a judgment against Defendant DOC, Dunn,
Davenport, Carter and the Fictitious Defendants A, B, E, F, G, H, I and J in a just amount plus
costs.

<h2 style="text-align:center">COUNT III</h2>

<h3 style="text-align:center">(NEGLIGENT/WANTON ASSIGNMENT)</h3>

41.    Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants F,
G, H and I negligently or wantonly assigned Defendants Lukima, Smith and Fictitious
Defendants C as Corrections Officers at St. Clair Correctional Facility.

42.    The negligent conduct of Defendants DOC, Dunn, Davenport, Carter and/or
Fictitious Defendants F, G, H and I was a contributing cause of Venture Harrison's injuries.

43.    The assignment of Defendants Lukima, Smith and Fictitious Defendants C as
Correctional Officers was not an exercise of judgment in the administration of DOC, but rather
was in violation of the rights and safety of inmates, including Venture Harrison.

44.    The conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious
Defendants F, G, H and I was in violation of the Constitution or laws of the United States, or
the Constitution of this State, or laws, rules, or regulations of this State.

45.    The conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious
Defendants F, G, H and I was willful, malicious, fraudulent, in bad faith, beyond his or her
authority, or under a mistaken interpretation of the law.

8

WHEREFORE, Plaintiff demands a judgment against Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendants F, G, H and I in a just amount plus costs.

## COUNT IV

### (NEGLIGENT/WANTON HIRING)

46.     Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants G and J negligently or wantonly hired Defendants Lukima, Smith and Fictitious Defendants C as Corrections Officers.

47.     The negligent or wanton conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants G and J was a contributing cause of Venture Harrison's injuries.

48.     The hiring of Defendants Lukima, Smith and Fictitious Defendants C as Correctional Officers was not an exercise of judgment in the administration of DOC but rather was in violation of the rights and safety of inmates, including Venture Harrison.

49.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants G and J was in violation of the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State.

50.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants G and J was willful, malicious, fraudulent, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

WHEREFORE, Plaintiff demands a judgment against Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendants G and J in a just amount plus costs.

## COUNT V

### (NEGLIGENT/WANTON PROMOTION)

9

51.     Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants H and J negligently or wantonly promoted Defendants Lukima, Smith and Fictitious Defendants C.

52.     The negligent or wanton conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants H and J was a contributing cause of Venture Harrison's injuries.

53.     The promotions of Defendants Lukima, Smith and Fictitious Defendants C to the various ranks was not an exercise of judgment in the administration of DOC, but rather was in violation of the rights and safety of inmates, including Venture Harrison.

54.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants H and J was in violation of the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State.

55.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants H and J was willful, malicious, fraudulent, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

WHEREFORE, Plaintiff demands a judgment against Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendants H and J in a just amount plus costs.

## COUNT V

### (NEGLIGENT/WANTON TRAINING/RETRAINING)

56.     Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants I and J negligently or wantonly trained, retrained and/or failed to train or retrain Defendants Lukima, Smith and Fictitious Defendants C.

57.     The negligent or wanton conduct of Defendants DOC, Dunn, Davenport, Carter and/or the Fictitious Defendants I and J was a contributing cause of Venture Harrison's injuries.

10

58.    The negligent or wanton conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants I and J was not an exercise of judgment in the administration of DOC, but rather was in violation of the rights and safety of inmates, including Venture Harrison.

59.    The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants I and J was in violation of the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State.

60.    The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants I and J was willful, malicious, fraudulent, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

WHEREFORE, Plaintiff demands a judgment against Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendants I and J in a just amount plus costs.

## COUNT VI

## (NEGLIGENCE)

61.    Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants E and F, had a duty to use reasonable care to see that its Correctional Officers, including Defendants Lukima, Smith and Fictitious Defendants C, obeyed the Constitution and laws of the United States,  the Constitution of this State, and laws, rules, and regulations of this State.

62.    Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants E and F, negligently failed to enforce the Constitution and laws of the United States, and the Constitution of this State, and laws, rules, and regulations of this State.

63.    DOC has a pattern and practice of Correction Officers assaulting and beating inmates.

11

64.     The negligent conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants E and F was a contributing cause of Venture Harrison's injuries.

65.     The conduct of Defendants DOC, Dunn, Davenport, Carter and/or Fictitious Defendants E and F was willful, malicious, fraudulent, in bad faith, beyond their or her authority, or under a mistaken interpretation of the law.

WHEREFORE, Plaintiff demands a judgment against Defendants DOC, Dunn, Davenport, Carter and Fictitious Defendants E and F in a just amount plus costs.

## COUNT V

### (DEMAND TO PERFORM LEGAL DUTIES AND MINISTERIAL ACTS)

66.     This Count is brought to compel Defendants Dunn and the DOC to perform their legal duties and ministerial acts.

67.     DOC employees, routinely disregard the Constitutional and statutory rights of inmates to be free from assaults and cruel and unusual punishment by Correctional Officers.

68.     DOC routinely allows Correctional Officers who violate the right of inmates to remain employed as Correctional Officers and to continue to attack, assault and abuse inmates.

69.     DOC and its Commissioners have not performed their legal duty of requiring employees to follow the Constitution and laws of the United States, and the Constitution of this State, and laws, rules, and regulations of this State.

70.     As a result, inmates continued to be assaulted and subjected to other inhumane treatment by Correctional Officers.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order against DOC and Commissioner Dunn requiring DOC, this Commissioner and all future

12

Commissioners to perform their Constitutional, legal and ministerial duties and to award such

other relief as appropriate.

/s/ *Thomas E. James*
THOMAS E. JAMES (JAM023)

Of Counsel:
Law Offices of Tommy James
2700 Corporate Drive
Suite 200
Birmingham, AL 35242
(205) 314-4801
tjameslaw1@gmail.com

13